Donald Potter (SBN 192735)
dp@donpotterlaw.com
LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101
Telephone: 626.744.1555
Facsimile: 626.389.0592

Attorneys for Plaintiff
GINA DE MARCO, an individual

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 15 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| GINA DE MARCO, an individual<br><br>Plaintiff,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC, a limited liability company; and DOES 1 to 20, inclusive,<br><br>Defendants. | CASE NO.: **BC 676190**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Retaliation in Violation of Cal. Gov. Code §§ 12940 (h) and 12945(l)**<br><br>2. **Disability Discrimination in Violation of Cal. Gov. Code § 12940 (a)**<br><br>3. **Disability Discrimination in Violation of Cal. Gov. Code § 12940 (m) — Failure to Provide Reasonable Accommodation**<br><br>4. **Disability Discrimination in Violation of Cal. Gov. Code § 12940 (n) — Failure to Engage in the Interactive Process**<br><br>5. **California Family Rights Act Violation (Gov. Code § 12945.2)**<br><br>6. **Violation of Cal. Labor Code § 233**<br><br>7. **Wrongful Termination in Violation of Public Policy**<br><br>8. **Failure to Prevent Harassment, Discrimination and Retaliation in Violation of Cal. Gov. Code § 12940 (k)** |

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

-1-

COMPLAINT FOR DAMAGES

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

9.  **Failure to Pay All Wages Due in Violation of Cal. Labor Code §§ 201(a), 204, 510, 558, 1194 & 1198**

10. **Failure to Pay for Missed Meal Periods in Violation of Cal. Lab. Code §§ 512, 226.7**

11. **Failure to Provide Paid Rest Periods in Violation of Cal. Lab. Code §§ 226.7**

12. **Failure to Provide Accurate Itemized Statements in Violation of Cal. Labor Code § 226(a)-(g)**

13. **Waiting Time Penalties in Violation of Cal. Lab. Code §§ 201-203**

14. **Conversion**

**[DEMAND FOR TRIAL BY JURY]**

1.      COMES NOW, Plaintiff GINA DE MARCO ("Plaintiff" or "DE MARCO") and brings this action against Defendant NBCUNIVERSAL MEDIA LLC, a limited liability company, ("NBCUNIVERSAL") and DOES 1 to 20 and each of them, and alleges on information and belief (except those allegations relating to Plaintiff DE MARCO herself, which is asserted on personal knowledge), as follows:

## PARTIES TO THE ACTION

### *PLAINTIFF GINA DE MARCO*

2.      Plaintiff DE MARCO is a resident of the County of Los Angeles, State of California. Plaintiff was formerly employed as a "Senior Digital Fulfillment Specialist" by Defendant NBCUNIVERSAL and/or DOES 1-20 (referred to collectively as "Defendants") in the County of Los Angeles, State of California.  She worked in this capacity from approximately 2013 through on or about August 9, 2017.

### *DEFENDANT NBCUNIVERSAL*

3.      Defendant NBCUNIVERSAL is a limited liability company. Plaintiff DE MARCO is informed and believes, and thereon alleges, that Defendant NBCUNIVERSAL at all relevant

-2-

times, was located at 100 Universal City Plaza, Universal City, California and it owned and/or leased property, operated a facility, and/or employed and/or jointly employed individuals, including Plaintiff DE MARCO, in Los Angeles, California.

### DOE DEFENDANTS

4.      The true names and capacities of Defendants DOES 1 to 20 are unknown to Plaintiff DE MARCO who will amend this complaint to allege such names and capacities as soon as they are ascertained. Each Defendant designated herein as DOE is in some manner legally responsible for the unlawful acts and damages alleged herein.

### GENERAL ALLEGATIONS

5.      Defendants NBCUNIVERSAL and/or DOES 1-20, at all relevant times, were private companies each, and/or together, employing more than five employees in California and were, and are, covered employer under the California Fair Employment and Housing Act ("FEHA").

6.      Plaintiff DE MARCO's employment with Defendant NBCUNIVERSAL began in or around 2013. She was hired as a "Senior Digital Fulfillment Specialist." Her position was designated as a "remote" position meaning that Plaintiff DE MARCO was to work from her home in Los Angeles County rather than reporting to a company-owned worksite.

7.      At all relevant times, Plaintiff DE MARCO's job performance was excellent. She received positive reviews and feedback about her performance from the time of her hiring in 2013 through in or about November 2016.

### PLAINTIFF DE MARCO COMPLAINED ABOUT UNLAWFUL HARASSMENT COMMITTED BY HER IMMEDIATE SUPERVISOR

8.      In or around 2016, and during her employment with Defendant NBCUNIVERSAL and/or DOES 1-20, Plaintiff DE MARCO's direct supervisor, John Vitulli created an unprofessional and hostile work environment. This misconduct was known to Plaintiff DE MARCO, other employees, and the management of Defendant NBCUNIVERSAL and/or DOES 1-20 and it included, but was not limited to:

- John Vitulli would refer to his genitalia as a lightsaber.

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

-3-

- John Vitulli would tell Plaintiff DE MARCO about the masturbation practices of him and other male employees.
- When Plaintiff DE MARCO asked about a LBGTQ event, he responded "I don't take part in those gay things."
- When Plaintiff DE MARCO informed John Vitulli about a female employee being in the hospital as a result of domestic abuse, he responded "She should have learned to keep her mouth shut" and that "she should have limped into the office."

9.      In or around November 2016, and during her employment with Defendant NBCUNIVERSAL and/or DOES 1-20, Plaintiff DE MARCO complained to Defendant including to the HR Department about John Vitulli's inappropriate gender-based, sexual comments that created a hostile work environment.

### *PLAINTIFF DE MARCO WAS SUBJECTED TO RETALIATION AS A RESULT OF HER COMPLAINTS ABOUT UNLAWFUL HARASSMENT*

10.      After Plaintiff DE MARCO complained to Defendant NBCUNIVERSAL and/or DOES 1-20, about John Vitulli's harassment, Defendant NBCUNIVERSAL and/or DOES 1-20 failed to properly investigate the matter.  It also failed to take prompt remedial measures to address Vitulli's inappropriate behavior and it continued to have John Vitulli serve as Plaintiff DE MARCO's direct supervisor.

11.      Following Plaintiff DE MARCO's complaint to Defendant NBCUNIVERSAL and/or DOES 1-20, about John Vitulli's harassment, Vitulli's subjected Plaintiff DE MARCO to further harassment and acts of retaliation including, but not limited to, unfair scrutiny, unjustified criticism, burdening her with work assignments and responsibilities outside of her job description and giving her unwarranted poor performance reviews.  Additionally, although Plaintiff DE MARCO's job was a designated "remote" position and her performance was excellent, he began pressuring Plaintiff DE MARCO to physically report to a worksite in 2017 including at times he would be physically present along with her.  He also eventually threatened Plaintiff DE MARCO that he was going to permanently revoke her "remote" status which he knew would be disruptive to her and cause her great inconvenience.

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

-4-

12.     Although Plaintiff DE MARCO complained to Defendant NBCUNIVERSAL and/or DOES 1-20 about the post-complaint harassment and retaliation, Defendant NBCUNIVERSAL and/or DOES 1-20 failed to investigate and it failed to take prompt remedial measures to stop it.

### PLAINTIFF DE MARCO HAD DISABILITIES AND SHE REQUIRED ACCOMMODATION IN THE SUMMER OF 2017

13.     In or around June 2017, Vitulli's and Defendant NBCUNIVERSAL and/or DOES 1-20 harassing and retaliatory behavior towards Plaintiff DE MARCO was causing her distress and she suffered from mental and/or physical disabilities, including but not limited to stress and inflammation of her stomach and intestines, which limited Plaintiff DE MARCO's ability to participate in major life activities including her ability to work (referred to as the "DISABILITIES"). Plaintiff DE MARCO required medical attention due to her DISABILITIES and she was intermittently placed off work by her health care providers to treat and recover. As such, Plaintiff DE MARCO was required to take leaves of absence, including leave under the California Family Rights Act ("CFRA") and paid sick leave, from June 2017 through the time of her termination in August 2017

14.     At all relevant times in 2017, Defendant NBCUNIVERSAL and/or DOES 1-20, via its managers, employees and agents, including but not limited to Vitulli and Rick Liguori, knew of: Plaintiff DE MARCO's DISABILITIES (or, alternatively, her history or record of her DISABILITIES; and/or they regarded Plaintiff DE MARCO as having these DISABILITIES), as well as, her need for accommodation including her need for time off from work which included documented requests for time off from health care providers. Despite their knowledge of Plaintiff DE MARCO's DISABILITIES, and her need for accommodation of her   — DISABILITIES, they failed to engage in the interactive process with Plaintiff DE MARCO, and they failed to provide her with reasonable accommodation(s) for her DISABILITIES.

15.     In or around early August 2017, Plaintiff took medical leave for her DISABILITIES and she notified Defendant NBCUNIVERSAL and/or DOES 1-20 that she would be off work through on or about August 8, 2017.

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

COMPLAINT FOR DAMAGES

16.     On or about August 9, 2017, Defendant NBCUNIVERSAL and/or DOES 1-20 wrongfully terminated Plaintiff DE MARCO's employment as a result of: her complaints about Vitulli; her complaints about the post-complaint harassment and retaliation that she was subjected; and due to her DISABILITIES and need for accommodation including, but not limited to, leave.

17.     Recognizing that its firing of Plaintiff DE MARCO was unlawfully motivated and illegal, Defendant NBCUNIVERSAL and/or DOES 1-20, through its "managing agents" including, but not limited to, Vitulli and Rick Liguori, falsely claimed that the termination was a result of the company converting her "remote" position to a "non-remote" position even though Plaintiff DE MARCO wasn't given the opportunity to accept the "non-remote" position. *Cloud v. Casey* (1999) 76 Cal.App.4th 895, 912 (employer was liable for punitive damages because it denied the plaintiff a promotion based on gender, "then attempted to hide the illegal reason for denying the promotion with a false explanation, and that it was this fabrication that constituted the despicable conduct.") and *Davis v. Kiewit Pacific Co.*, 220 Cal. App. 4th 358, 370 (2013) (top-ranking onsite facility manager was a "managing agent" under Civil Code § 3294(b) as he exercised substantial authority and discretion regarding a broad range of issues involving the site including compliance with [the company's] policies and the hiring, supervision, and [termination] of employees and he had responsibility to oversee and manage employees working on the site.)

### DEFENDANTS MISCLASSIFIED PLAINTIFF DE MARCO

18.     At all relevant times, including within the four years preceding the filing of this lawsuit, Plaintiff DE MARCO was employed by Defendants as a "Senior Digital Fulfillment Specialist".

19.     During her employment with Defendant NBCUNIVERSAL and/or DOES 1-20, Plaintiff DE MARCO was a misclassified "exempt" employee that was paid a fixed salary. However, Plaintiff DE MARCO's job duties required her to routinely work in excess of eight hours per workday, and more than forty (40) hours per workweek. Defendant NBCUNIVERSAL and/or DOES 1-20 failed to pay Plaintiff one and one-half (1 1/2) times her regular rate of pay for the hours Plaintiff DE MARCO worked in excess of eight hours per work day, nor those worked in

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

-6-

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

1    excess of forty hours per work week, as required under California law including, but not limited

2    to, California Labor Code §§ 1194 and 1198.

3    20.      During her employment with Defendant NBCUNIVERSAL and/or DOES 1-20, Plaintiff

4    DE MARCO worked for Defendants in excess of five (5) hours per workday without receiving

5    the requisite meal periods, and in excess of ten (10) hours per workday without receiving a

6    requisite second meal period, nor was she compensated for meal periods not provided by

7    Defendants.  Defendant NBCUNIVERSAL and/or DOES 1-20 failed to do so because

8    Defendants had misclassified Plaintiff DE MARCO as an exempt employee.

9    21.      During her employment with Defendant NBCUNIVERSAL and/or DOES 1-20, Plaintiff

10   DE MARCO worked for Defendants in excess of four hours per workday without receiving a ten

11   minute paid rest period per four (4) hours worked or major fraction thereof, nor was she

12   compensated for rest periods not provided by Defendants.  Defendant NBCUNIVERSAL and/or

13   DOES 1-20 failed to do so because Defendants had misclassified Plaintiff DE MARCO as an

14   exempt employee.

15   22.      During her employment with Defendant NBCUNIVERSAL and/or DOES 1-20,

16   Defendants failed to provide Plaintiff DEMARCO with an itemized statement of wages in

17   compliance with California Labor Code § 226 which caused her to be injured in that she was

18   unable to readily calculate whether she was properly paid.  Some examples of the failure to

19   provide Plaintiff with an itemized wage statement in compliance with California Labor Code §

20   226 include, but are not limited to: (a) the stated gross wages and net wages would both be less

21   than the actual amounts owed Plaintiff under California law due to the Defendants' failure to pay

22   overtime wages; and (b) the applicable overtime rates were not included due to Defendant

23   NBCUNIVERSAL and/or DOES 1-20 misclassifying all Plaintiff DE MARCO as exempt an

24   employee.

25   23.      Plaintiff's employment with Defendant NBCUNIVERSAL and/or DOES 1-20 terminated

26   during the last four years from the time this Complaint was filed.  At the time of termination,

27   Defendants failed to pay Plaintiff DE MARCO all wages owed pursuant to California Labor

28

COMPLAINT FOR DAMAGES

Code §§ 201-203 because she was not paid the proper overtime wages that she earned for the reasons described above.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24.     Prior to commencing this civil action, and within the time provided by law, Plaintiff DE MARCO filed an administrative charge with the Department of Fair Employment and Housing ("DFEH") against the defendants setting forth all FEHA-based claims alleged herein.

25.     Prior to commencing this civil action, and within the time provided by law, Plaintiff DE MARCO requested, and received, a "Right-to-Sue" Letter from the DFEH and she served a copy of that letter and the DFEH charge on the defendants in compliance with Government Code § 12965(b).

## FIRST CAUSE OF ACTION

### Retaliation in Violation of Cal. Gov. Code §§ 12940 (h) and 12945(l)

### (Against Defendants NBCUNIVERSAL and DOES 1-20)

26.     Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully stated herein.

27.     At all times herein mentioned, FEHA and Government Code §§ 12940 (h) and 12945.2(l), were in full force and effect and binding on Defendants NBCUNIVERSAL and/or DOES 1-20. These statutes require Defendants to refrain from retaliating against any employee for asserting their rights under the FEHA and the CFRA.  Plaintiff DE MARCO engaged in the protected activity of complaining about unlawful harassment, discrimination and/or retaliation; and by requesting and/or requiring a reasonable accommodation for her disability pursuant to Government Code § 12940 (m); and by requesting and/or requiring CFRA leave, and by complaining of these unlawful practices.

28.     Defendants retaliated against Plaintiff DE MARCO, in part, by refusing to provide any accommodation, by failing to engage in a good faith interactive process, by subjecting her to adverse employment conditions including, but not limited to, unjustified criticism and discipline, suspension, denying her leave and by terminating her employment.

-8-

COMPLAINT FOR DAMAGES

29.     As a proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff DE MARCO, Plaintiff DE MARCO has lost employment earnings and benefits, past and future, according to proof.

30.     As a proximate result of said retaliation, Plaintiff DE MARCO has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

31.     As a proximate result of said retaliation, Plaintiff DE MARCO has incurred, and will continue to incur, attorney's fees and costs.

NBCUNIVERSAL and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff DE MARCO, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff DE MARCO's rights.  Accordingly, Plaintiff DE MARCO requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

## SECOND CAUSE OF ACTION

### Disability Discrimination in Violation of Cal. Gov. Code § 12940 (a)

### *(Against Defendants NBCUNIVERSAL and DOES 1-20)*

32.     Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

33.     At all times herein mentioned, the FEHA, Government Code § 12940 et. seq., was in full force and effect and binding on Defendants.  These statutes required Defendants to refrain from discriminating against any employee on the basis of a mental or physical disability.

34.     Plaintiff DE MARCO had DISABILITIES and/or medical conditions during her employment with NBCUNIVERSAL and/or DOES 1-20, which are described above, that were contemporaneously known to NBCUNIVERSAL and/or DOES 1-20.  Plaintiff DE MARCO, however, was qualified and able to perform the essential functions of her position either with, or without, reasonable accommodations.

35.     During Plaintiff DE MARCO's employment, NBCUNIVERSAL and/or DOES 1-20, through their supervisors, human resources personnel and agents, discriminated against Plaintiff

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

COMPLAINT FOR DAMAGES

DE MARCO because of her DISABILITIES, or her history of DISABILITIES, by subjecting her to adverse employment conditions including, but not limited to, assigning her duties and responsibilities outside her job description, issuing unwarranted discipline, denying her leave, failing to engage in the interactive process, failing to provide reasonable accommodation, suspending her, and, ultimately, terminating her employment.

36.     As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff DE MARCO, Plaintiff DE MARCO has lost employment earnings and benefits, past and future, according to proof.

37.     As a proximate result of said discrimination, Plaintiff DE MARCO has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

38.     As a proximate result of said discrimination, Plaintiff DE MARCO has incurred, and will continue to incur, attorney's fees and costs.

39.     NBCUNIVERSAL and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff DE MARCO, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff DE MARCO's rights.  Accordingly, Plaintiff DE MARCO requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

### THIRD CAUSE OF ACTION

**Disability Discrimination in Violation of Cal. Gov. Code § 12940 (m) —**

**Failure to Provide Reasonable Accommodation**

***(Against Defendants NBCUNIVERSAL and DOES 1-20)***

40.     Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

41.     At all times herein mentioned, the FEHA, Government Code §12940(m), was in full force and effect and binding on Defendants.  These statutes required Defendants to provide reasonable

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

-10-

accommodations that allow an employee suffering from a known physical or mental disability, to perform the essential functions of her job.

42.     Plaintiff DE MARCO had DISABILITIES and/or medical conditions during her employment with NBCUNIVERSAL and/or DOES 1-20, which are described ABOVE, which caused work restrictions that required accommodation.

43.     NBCUNIVERSAL and DOES 1-20 were aware that Plaintiff DE MARCO had qualifying DISABILITIES under FEHA that caused work restrictions that required accommodation but they failed to provide reasonable accommodation(s).

44.     As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff DE MARCO, Plaintiff DE MARCO has lost employment earnings and benefits, past and future, according to proof.

45.     As a proximate result of said discrimination, Plaintiff DE MARCO has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

46.     As a proximate result of said discrimination, Plaintiff DE MARCO has incurred, and will continue to incur, attorney's fees and costs.

47.     NBCUNIVERSAL and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff DE MARCO, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff DE MARCO's rights.  Accordingly, Plaintiff DE MARCO requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

### FOURTH CAUSE OF ACTION

**Disability Discrimination in Violation of Cal. Gov. Code § 12940 (n) —**

**Failure to Engage in the Interactive Process**

**(*Against Defendants NBCUNIVERSAL and DOES 1-20*)**

48.     Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

COMPLAINT FOR DAMAGES

49.     At all times herein mentioned, the FEHA, Government Code §12940(n), was in full force and effect and binding on Defendants. These statutes required Defendants to engage in an interactive process in assessing an employee's physical or mental disabilities in order to provide a reasonable accommodation. Government Code §12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical or mental disability.

50.     Plaintiff DE MARCO had DISABILITIES and/or medical conditions during her employment with NBCUNIVERSAL and/or DOES 1-20, which are described above, which caused work restrictions that required accommodation.

51.     NBCUNIVERSAL and/or DOES 1-20 were aware that Plaintiff DE MARCO had qualifying DISABILITIES under FEHA that caused work restrictions that required accommodation but they failed to provide accommodation(s) and/or engage in the interactive process.

52.     As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff DE MARCO, Plaintiff DE MARCO has lost employment earnings and benefits, past and future, according to proof.

53.     As a proximate result of said discrimination, Plaintiff DE MARCO has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

54.     As a proximate result of said discrimination, Plaintiff DE MARCO has incurred, and will continue to incur, attorney's fees and costs.

55.     NBCUNIVERSAL and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff DE MARCO, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff DE MARCO's rights. Accordingly, Plaintiff DE MARCO requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

COMPLAINT FOR DAMAGES

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

## FIFTH CAUSE OF ACTION

### Violation of California Family Rights Act (CFRA), Government Code § 12945.2

### (*Against Defendants NBCUNIVERSAL and DOES 1-20*)

56.    Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

57.    At all times relevant hereto Government Code § 12945.2 (CFRA) was in full force and binding on Defendants NBCUNIVERSAL and/or DOES 1-20 because they employed fifty (50) or more full time or part time employees within a seventy-five (75) mile radius of Plaintiff DE MARCO's worksite.  Plaintiff DE MARCO was entitled to CFRA benefits because she had been employed for at least twelve (12) months and gave at least 1250 hours of service in the year preceding his CFRA qualifying leave.

58.    CFRA requires an employer to grant leave to an employee with a serious health condition and to reinstate the employee to the same or a comparable job upon completion of the leave.

59.    From on or about June 2017 through the time of the termination of Plaintiff DE MARCO's employment in August 2017, Plaintiff DE MARCO placed Defendants on notice that he had a serious health condition that required CFRA leave.  Defendants violated CRFA by denying, and/or failing to offer Plaintiff DE MARCO his CFRA qualified leave, by terminating her employment during a CFRA qualifying leave and/or by failing to reinstate her to the same or a comparable job upon completion of the leave.

60.    As a proximate result of said CFRA violation, Plaintiff DE MARCO has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

61.    As a proximate result of said CFRA violation, Plaintiff DE MARCO has incurred, and will continue to incur, attorney's fees and costs.

62.    Defendants NBCUNIVERSAL and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff DE MARCO, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff DE MARCO's rights.  Accordingly, Plaintiff DE MARCO requests the

COMPLAINT FOR DAMAGES

assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

## SIXTH CAUSE OF ACTION

### Violation of Labor Code § 233

### (*Against Defendants NBCUNIVERSAL and DOES 1-20*)

63.     Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

64.     During Plaintiff DE MARCO's employment with Defendants NBCUNIVERSAL and/or DOES 1-20, Plaintiff DE MARCO earned accrued increments of compensated leave for illness and other medical reasons (a.k.a. "sick leave") as compensation for her labor.

65.     During Plaintiff DE MARCO's employment with Defendants NBCUNIVERSAL and/or DOES 1-20 in 2017, Plaintiff DE MARCO used, and/or requested to use sick leave, to care for her own DIABILITIES

66.     During Plaintiff DE MARCO's employment with Defendants NBCUNIVERSAL and/or DOES 1-20 in 2016, Defendants NBCUNIVERSAL and/or DOES 1-20 violated California Labor Code § 233 by: denying Plaintiff DE MARCO's requests for leave pursuant to California Labor Code § 233, and/or by threatening to discharge, demote, suspend her; by discriminating her by removing her "remote" job status; and/or by discharging her for using, and/or attempting to use, sick leave to care for herself.

67.     As a proximate result of Defendants' willful, knowing and intentional acts against Plaintiff DE MARCO in violation of California Labor Code § 233, she has sustained and continues to sustain substantial losses in earnings and other employment benefits.

68.     As a proximate result of Defendants' willful, knowing and intentional acts against Plaintiff DE MARCO in violation of California Labor Code § 233, she has suffered and continues to suffer emotional distress and general damages in a sum according to proof.

69.     Defendants, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff DE MARCO, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff DE MARCO's

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

-14-

1 | rights.  Accordingly, Plaintiff DE MARCO requests the assessment of punitive damages against

2 | Defendants, in an amount appropriate to punish and make an example of Defendants.

3 | 70.     As a proximate result of Defendants' willful, knowing and intentional acts against

4 | Plaintiff DE MARCO in violation of California Labor Code § 233, Plaintiff DE MARCO has

5 | incurred and continues to incur legal expenses and attorney fees in a sum according to proof.

### SEVENTH CAUSE OF ACTION

#### Wrongful Termination in Violation of Public Policy

#### (*Against Defendants NBCUNIVERSAL and DOES 1-20*)

71.     Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

72.     Defendants' termination of Plaintiff DE MARCO violated FEHA, the California Labor Code, the CFRA, and fundamental public policies embodied by those statutes, aimed at the prevention of unlawful retaliation and disability discrimination.

73.     As a proximate result of Defendants' willful, knowing and intentional wrongful termination against Plaintiff DE MARCO, Plaintiff DE MARCO has lost employment earnings and benefits, past and future, according to proof.

74.     As a proximate result of said wrongful termination, Plaintiff DE MARCO has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

75.     As a proximate result of said wrongful termination, Plaintiff DE MARCO has incurred, and will continue to incur, attorney's fees and costs.

76.     NBCUNIVERSAL and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff DE MARCO, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff DE MARCO's rights.  Accordingly, Plaintiff DE MARCO requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

-15-

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

**EIGHTH CAUSE OF ACTION**

**Failure to Prevent Harassment, Discrimination and Retaliation**

**in Violation of Government Code § 12940 (k)**

(*Against Defendants NBCUNIVERSAL and DOES 1-20*)

77.     Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

78.     At all times herein mentioned, Government Code §12940 (k), was in full force and effect and binding on Defendants NBC UNIVERSAL and/or DOES 1-20.  This statute required these defendants to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

79.     During Plaintiff DE MARCO's employment with Defendants NBC UNIVERSAL and/or DOES 1-20, Plaintiff DE MARCO engaged in the protected activity of opposing, protesting and/or complaining of harassment, discrimination and/or retaliation due to his DISABILITIES but the Defendants NBC UNIVERSAL and/or DOES 1-20, through their supervisors, personnel and agents, failed to take all reasonable steps to prevent further discrimination, harassment and/or retaliation from occurring.

80.     As a proximate result of Defendants' failure to prevent harassment, discrimination and retaliation, Plaintiff DE MARCO has sustained and continues to sustain substantial losses in earnings and other employment benefits.

81.     As a proximate result of Defendants' failure to prevent harassment, discrimination and retaliation, Plaintiff DE MARCO has suffered and continues to suffer general damages in a sum according to proof.

82.     As a proximate result of Defendants' failure to prevent harassment, discrimination and retaliation, Plaintiff DE MARCO has incurred, and will continue to incur, attorney's fees and costs.

83.     Defendants have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff DE MARCO, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff DE MARCO's rights.  Accordingly,

COMPLAINT FOR DAMAGES

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

1   Plaintiff DE MARCO requests the assessment of punitive damages against Defendants, and each

2   of them, in an amount appropriate to punish and make an example of each.

3   ## NINTH CAUSE OF ACTION

4   ### Failure to Pay All Wages Due in Violation of Cal. Labor Code

5   ### §§ 201(a), 204, 510, 558, 1194 & 1198

6   ### (*Against Defendants NBCUNIVERSAL and DOES 1-20*)

7   84.     Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding

8   paragraphs of this complaint as if fully set forth herein.

9   85.     At all relevant times, including within the three years preceding the filing of this lawsuit,

10  Plaintiff DE MARCO's employment with Defendants was governed by: California Wage Order,

11  Industrial Welfare Commission ("IWC") Wage Order No. 1-2001 ("WAGE ORDER 12"),

12  including but not limited to Section 3, the Cal. Code of Regulations (CCR) § 11120 and the

13  California Labor Code §§ 201(a), 204, 510, 558, and 1194.  This applicable law required

14  Defendants to pay Plaintiff DE MARCO for all the time she was under the Defendants' control,

15  including time she was suffered or permitted to work.  *Morillion v. Royal Packing* (2000) 22 Cal.

16  4th 575.  It also required them to pay Plaintiff DE MARCO a premium rate of one and one-half

17  (1-1/2) times her regular rate of pay when she worked more than eight (8) hours in any workday

18  or more that forty (40) hours in any workweek.

19  86.     At all relevant times, including within the three years preceding the filing of this lawsuit,

20  Plaintiff DE MARCO regularly worked over eight (8) hours per day and over forty (40) hours per

21  week but Defendants willfully and intentionally refused, and continue to refuse, to pay Plaintiff

22  DE MARCO the legally required overtime compensation.

23  87.     Defendants' conduct described herein violates Labor Code §§ 204, 510, 558, 1194, and

24  1198 and Plaintiff DE MARCO is therefore entitled to recover all unpaid wages plus interest

25  thereon, attorneys' fees and costs of suit.

26

27

28

-17-

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

**TENTH CAUSE OF ACTION**

Failure to Pay for Missed Meal Periods in Violation of

Cal. Lab. Code §§ 512, 226.7

(*Against Defendants NBCUNIVERSAL and DOES 1-20*)

88.     Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

89.     At all times relevant hereto, WAGE ORDER 12 including Section 11, and Cal. Code of Regulations (CCR) § 11120 were in full force and binding on Defendant.  The specified wage order and regulation required Defendant, to provide Plaintiff with an unpaid meal period while she worked in the State of California of at least thirty minutes, prior to working more than five hours.

90.     During her employment of Plaintiff in California, Defendants failed to provide Plaintiff DE MARCO with the unpaid meal periods she was entitled to under California law including, but not limited to, the first unpaid meal period of at least thirty minutes, prior to working more than five hours.

91.     Pursuant to Labor Code § 226.7, the conduct of Defendants herein entitles Plaintiff  to payment of one (1) additional hour of wages for each day a meal period was not provided to each of them.

92.     Defendants have knowingly and intentionally refused, and continue to refuse, to account for and pay Plaintiff for one (1) additional hour of wages for each day each day a meal period was not provided.

93.     As a proximate result of Defendants' conduct as alleged herein, Plaintiff has been denied earned compensation for meal periods, and have thereby sustained, and continue to sustain, damages in a sum according to proof.

94.     As a proximate result of the conduct of Defendants as alleged herein, Plaintiff has incurred, and she will continue to incur, substantial costs of suit and attorneys' fees in a sum to be proven.

COMPLAINT FOR DAMAGES

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

**ELEVENTH CAUSE OF ACTION**

**Failure to Provide Paid Rest Periods in Violation of Cal. Lab. Code § 226.7**

***(Against Defendants NBCUNIVERSAL and DOES 1-20)***

95.     Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

96.     At all times relevant hereto, WAGE ORDER 12 including Section 12, and Cal. Code of Regulations (CCR) § 11120 were in full force and binding on Defendants.  The specified wage order and regulation required Defendants, and each of them, to provide Plaintiff with a paid ten (10) rest period for every four hours worked, or "major fraction" thereof.

97.     During her employment of Plaintiff DE MARCO, Defendant NBCUNIVERSAL and/or DOES 1-20, and each of them and/or jointly, failed to provide Plaintiff DE MARCO with the rest periods, or failed to pay for those rest periods, that she was entitled to receive under California law.

98.     Pursuant to Labor Code § 226.7, the conduct of Defendants, and each of them, alleged herein entitles Plaintiff to payment of one (1) additional hour of wages for each day a rest period was not provided.

99.     As a proximate result of Defendants' conduct as alleged herein, Plaintiff DE MARCO has been denied earned compensation for rest periods, and have thereby sustained, and continue to sustain, damages in a sum according to proof.

100.    As a proximate result of the conduct of Defendants as alleged herein, Plaintiff has incurred, and continue to incur, substantial costs of suit and attorney's fees in a sum to be proven.

**TWELFTH CAUSE OF ACTION**

**Failure to Provide Accurate Itemized Statements in**

**Violation of Cal. Labor Code § 226(a)-(g)**

***(Against Defendants NBCUNIVERSAL and DOES 1-20)***

101.    Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

-19-

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

102.    At all relevant times, Defendants, and each of them, were required to comply with California Labor Code §226(a). This code section sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

103.    At all relevant times, including within one year of filing this lawsuit, Defendants, and each of them, failed to comply with the requirements of California Labor Code §226(a) as they failed to provide accurate itemized statements to Plaintiff DE MARCO showing the correct: (a) gross wages earned, (b) net wages earned, (c) the total hours worked, and/or (d) all applicable hourly rates in effect during the pay period.

COMPLAINT FOR DAMAGES

104.    Plaintiff DE MARCO was injured by the Defendants' failure to comply with Labor Code § 226 by, among other things, not being able to readily, and accurately, determine her compensation from her paystubs.

105.    For the above-mentioned violations, Plaintiff DE MARCO seeks penalties, attorney's fees and costs pursuant to California Labor Code § 226(e).

### THIRTEENTH CAUSE OF ACTION

**Failure to Pay Wages When Due in Violation of Cal. Labor Code §§ 201-203**

*(Against Defendants NBCUNIVERSAL and DOES 1-20)*

106.    Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

107.    California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge.  California Labor Code § 202 requires an employer to promptly pay compensation due and owing to an employee within no more than seventy-two (72) hours of that employee's termination of employment by resignation, and at the time of termination if an employee is involuntarily terminated.

108.    California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required pursuant to California Labor Code § 201 and § 202 respectively, said employer is liable to said employee for a waiting time wage continuation as described herein.

109.    Defendants willfully violated the above-mentioned law because they involuntarily terminated Plaintiff DE MARCO's employment on or about August 9, 2017 and failed to pay Plaintiff DE MARCO the unpaid wages that she earned as described above.

110.    Accordingly, Plaintiff DE MARCO is entitled to a waiting time wage continuation penalty pursuant to Labor Code § 203, which provides that an employee's wages will continue as a waiting time wage continuation up to thirty (30) days from the time the wages were due.

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

COMPLAINT FOR DAMAGES

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

# FOURTEENTH CAUSE OF ACTION

## Conversion

### *(Against Defendants NBCUNIVERSAL and DOES 1-20)*

111.    Plaintiff DE MARCO hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

112.    Plaintiff DE MARCO performed labor for Defendant NBCUNIVERSAL and/or DOES 1- in Los Angeles, California.  Defendants failed, and refused, to pay Plaintiff DE MARCO for all her compensable time.

113.    At all relevant times, Defendant NBCUNIVERSAL and/or DOES 1-20, and each of them, had, and continue to have, a legal obligation imposed by statute and common law to pay Plaintiff all earned wages due to her as a result her labor and services performed for Defendants, and each of them.  Those wages belonged to Plaintiff DE MARCO, and they were her personal property, at the time the labor and services were provided to Defendants.

114.    The precise amount of monies converted by Defendants can be ascertained from Plaintiff's payroll records and timekeeping records.

115.    Defendants, and each of them, did know, or should have known, that their failure to compensate Plaintiff DE MARCO for all her work time was unlawful in the State of California. Defendants, nonetheless, continued to apply these unlawful policies on Plaintiff DE MARCO. As a result, Plaintiff DE MARCO was denied her personal property (wages) and it was wrongfully and intentionally converted by Defendants for their own use. *Sims v. AT&T Mobility Servs. LLC*, 955 F. Supp. 2d 1110, 1119-20 (2013) ("there is clear authority under California law that employees have a vested property interest in the wages that they earn, failure to pay them is a legal wrong that interferes with the employee's title in the wages, and an action for conversion can therefore be brought to recover unpaid wages.")

116.    Defendants, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiffs' rights.  Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, and each of them, in an

-22-

amount certain to be ascertained at or before trial that is appropriate to punish and make an example of them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DE MARCO prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1.　　　　　For nominal damages;

2.　　　　　For compensatory damages;

3.　　　　　For unpaid expenses;

4.　　　　　For injunctive relief enjoining Defendants' unlawful practices and unfair business practices within the meaning of Business & Professions Code § 17200, et seq.

5.　　　　　For punitive damages;

6.　　　　　For interest, costs of suit and attorney's fees;

7.　　　　　For applicable statutory penalties.

8.　　　　　Such other and further relief as this Court may deem proper and just.

DATE:  September 15, 2017　　　　　LAW OFFICE OF DONALD POTTER

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Donald Potter
Attorney for Plaintiff
GINA DE MARCO, an individual

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

-23-

## DEMAND FOR JURY TRIAL

Plaintiff DE MARCO, hereby demands a jury trial on all matters triable to a jury.

DATE: September 15, 2017

LAW OFFICE OF DONALD POTTER

By:_____
Donald Potter
Attorney for Plaintiff
GINA DE MARCO, an individual

LAW OFFICE OF DONALD POTTER
690 East Green Street, Suite 102
Pasadena, California 91101

-24-

COMPLAINT FOR DAMAGES